■ ROSLYN SAVINGS BANK, Appellant-Respondent, v. CARL MERZ et al., Defendants, and WARREN BATES et al., Respondents-Appellants; and JOSEPH BATES, SR., Appellant.— In an action to foreclose a building loan mortgage upon real property, in which the three Bates defendants asserted a counterclaim for damages against plaintiff, the parties cross-appeal as follows from a judgment of foreclosure and sale of the Supreme Court, Nassau County, entered December 18, 1959, upon the decision of the court, after a nonjury trial: (1) Plaintiff appeals from so much of the judgment as decreed that defendants Warren Bates and Dorothy M. Bates, as contract vendees, have a valid vendees' lien on the mortgaged premises in the sum of $3,000, and that to the extent of $1,550 thereof said lien is prior and superior to the lien of plaintiff's mortgage. (2) The three Bates defendants appeal from so much of the judgment as dismissed their counterclaim and as limited to $1,550 the priority and superiority of the lien of defendants Warren Bates and Dorothy M. Bates. Judgment modified on the law and the facts as follows: (1) by striking out from the fifth decretal paragraph the provision " and that to the extent of the sum of $1,550 the said vendees lien is prior and superior to the lien of the plaintiff, The Roslyn Savings Bank, for the amount due as aforesaid on the building loan agreement bond and mortgage herein "; (2) by substituting therefor provisions directing: (a) that the lien of plaintiff's mortgage, to the extent of $7,600, is prior and superior to said vendees' lien, and (b) that the said vendees' lien is prior and superior to the remainder of the lien of plaintiff's mortgage; (3) by amending the sixth decretal paragraph so as to direct that the mortgaged premises, or so much thereof as is sufficient to discharge *the vendees' lien,* the mortgage debt, the expenses of sale and the costs of the action, be sold; (4) by striking out from the paragraph immediately following the sixth decretal paragraph the word " prior "; (5) by striking out from the seventh decretal paragraph the direction that the final judgment of foreclosure and sale confirming the Referee's report of sale shall also contain directions for the disposition and payment of the proceeds of sale *in accordance with the decision of the court dated November 18, 1959*; (6) by substituting therefor the direction that the final judgment of foreclosure and sale confirming the Referee's report of sale shall also contain directions for the disposition and payment of the proceeds of sale *in accordance with the formal decision of the court dated December 17, 1959, as thereafter modified by the Appellate Division*; (7) by amending the last or ninth decretal paragraph so as to bar the rights of all the defendants in this action *other than defendants Warren Bates and Dorothy M. Bates.* As so modified, judgment affirmed, with costs to defendants Warren Bates and Dorothy M. Bates against plaintiff. Findings

of fact (contained in the formal decision of the Special Term, dated December 17, 1959) inconsistent herewith will be reversed, and new findings will be made as indicated herein. Settle order on consent or on 10 days' notice, setting forth the findings to be reversed and the new findings to be made. By agreement, the vendees' rights under their contract with the builder, defendant Merz, who owned the mortgaged premises, were subordinated to the lien of the subsequent building loan agreement and mortgage for the advances made thereunder by plaintiff to the builder. However, this gave primacy to the building loan agreement and mortgage over the vendees' lien only to the extent that the advances which were made were not voluntary (*Hyman* v. *Hauff*, 138 N. Y. 48). The schedule of the amounts of the advances to be made by plaintiff to the builder provided for three payments, each to be made after certain specified portions of the construction had been completed. The first payment was stated in the schedule to be " 40% ". It appears that the items relating to the first payment were performed by the builder, but that very little of the items relating to the other two payments had been performed. Under the circumstances, the payments by plaintiff to the builder to the extent of 40% of the total amount to be advanced, or $7,600, were not voluntary; but the remainder of plaintiff's payments to the builder were voluntary. Nolan, P. J., Ughetta, Kleinfeld, Christ and Brennan, JJ., concur.